UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TODD KREISLER

                                     Plaintiff,

        -against-

227 EAST 56TH COMPANY LLC AND 56TH
STREET RESTAURANT LLC

                                  Defendants.
------------------------------------------------------------------x

**1:22-CV-4503**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## <u>COMPLAINT</u>

Plaintiff Todd Kreisler (hereafter also referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants 227 East 56th Company LLC and 56th Street Restaurant LLC (together referred to as "Defendants"), hereby alleges as follows:

## <u>NATURE OF THE CLAIMS</u>

1.  Plaintiff, Todd Kreisler, is an individual with a mobility disability who requires a wheelchair for mobility.

2.  Plaintiff brings this action because Defendants deny him on the basis of disability equal access to their place of public accommodation.

3.  Defendants place of public accommodation is a restaurant and cabaret located at 227 East 56th Street, NY, NY known as Lips New York City Showpalace ("Lips NYC").

4.   Defendants deny Plaintiff access to the Lips NYC premises as they created and maintain architectural barriers at the premises – at the entrance to the Lips NYC Premises and throughout its interior – that deny and restrict entry to Plaintiff and other mobility impaired customers that require wheelchairs.



The Lips NYC Premises' Entrance.

5.   Through their use of architectural barriers to wheelchair access, Defendants deny Plaintiff, based on disability, the opportunity to patronize the Lips NYC place of public accommodation.

6.   Defendants' treatment of Plaintiff and other persons with mobility disabilities stands in stark contrast to how Defendants treat persons without mobility disabilities: Defendants do not impede physical access (through architectural barriers or otherwise) of persons without mobility disabilities to the Lips NYC Premises, and provide such persons the opportunity to patronize and fully experience the Lips NYC Premises.

2

7.   As Defendants treat Plaintiff unfavorably based on disability, they unlawfully discriminate against him in violation of the federal, state, and local laws that prohibit discrimination by entities that own, operate, and lease places that are available to the general public.

8.   Defendants unlawfully discriminate against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law") Article 15, the New York Civil Rights Law, § 40 *et seq.* ("N.Y. CRL"), and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

9.   As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation through which they violate the laws that prohibit disability discrimination: the ADA, the State HRL, the N.Y. CRL and the City HRL (collectively, the "Human Rights Laws").

10. Defendants violate the Human Rights Laws through their actions, and those of their agents and employees.

11. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

12. Defendants knowingly violate the explicit legal requirements that obligated them to make their place of public accommodation physically accessible[1] and usable by persons with disabilities.

13. By failing to provide an accessible place of public accommodation, Defendants reveal their indifference to Plaintiff's (and other individuals with disabilities') right to equal opportunity to their publicly available place, the Lips NYC Premises.

14. Aware that their decision to maintain architectural barriers and violate the disability access requirements would be indiscernible most persons, Defendants presumed they would never need to comply with the Human Rights Laws.

15. This action seeks to right Defendants' wrongs. Therefore, Plaintiff seeks to compel Defendants to make their place of public accommodation physically accessible to individuals with disabilities so that Plaintiff can enjoy the full and equal opportunity that Defendants provide to customers without disabilities.

16. In this action, Plaintiff also seeks monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff.

---

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities.  *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

18. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' discriminatory acts alleged herein occurred in this district and Defendants' place of public accommodation is located in this district.

## PARTIES

### *Plaintiff*

20. At all times relevant to this action, Plaintiff Todd Kreisler has been and remains a resident of the State and City of New York.

21. Plaintiff suffers from medical conditions that inhibit his ability to walk and which restrict his body motion range and movement.

22. Due to his impairment, Plaintiff uses a wheelchair for mobility.

### *Defendants*

23. Defendant 227 East 56th Company LLC is a domestic (New York) limited liability company that engages in business in New York.

24. Defendant 227 East 56th Company LLC is not a governmental entity.

25. Defendant 227 East 56th Company LLC owns the building located at 227 East 56th Street in New York County, New York (hereinafter referred to as "227 East 56th Street").

5

26. Defendant 56th Street Restaurant LLC is a domestic (New York) limited liability company that engages in business in New York.

27. Defendant 56th Street Restaurant LLC is not a governmental entity.

28. At all relevant times, defendant 56th Street Restaurant LLC owned and operated the Lips New York City Showpalace located at 227 East 56th Street (hereinafter also referred to as the "Lips NYC Premises").

29. Defendant 56th Street Restaurant LLC leases the Lips NYC Premises from defendant 227 East 56th Company LLC.

30. Upon information and belief, 227 East 56th Company LLC and 56th Street Restaurant LLC have a written lease agreement for the Lips NYC Premises.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

31. The Lips NYC Premises is operated by private entities as no defendant is a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. § 12131(1) and § 12181(6).

32. The operations of the Lips NYC Premises affect commerce. 28 C.F.R. § 36.104.

33. As a Restaurant, Lips New York City Showpalace located at 227 East 56th Street is a place of public accommodation pursuant to the Human Rights Laws. *See* 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

34. Each of the Defendants is an entity required to comply with the Human Rights Laws as the Defendants own, lease, lease to, control or operate a place of public accommodation within the meaning of the Human Rights Laws. *See Id.*

35. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the Human Rights Laws. *See* 28 C.F.R. § 36.201(b); *see also* 42 U.S.C. 12182(a), N.Y. Exec. Law §2962(a), N.Y.C. Admin. Code § 8-107(4)(a).

36. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain the public sidewalk that abuts its real property.

37. As Defendant 227 East 56th Company LLC is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts its property, Defendant 227 East 56th Company LLC has continuously controlled, managed, and operated the public sidewalk that abuts 227 East 56th Street, including the portion of the sidewalk that constitutes the entrance the Lips NYC Premises.

38. Numerous architectural elements at the Lips NYC Premises prevent or restrict physical access to persons with disabilities ("architectural barriers"), including Plaintiff.

39. The architectural barriers at the Lips NYC Premises include gateway barriers – such as a stepped entrance - that exclude Plaintiff and other persons with disabilities from the Lips NYC Premises.

40. Upon information and belief, the Lips NYC Premises opened for business in 2010.

7

41. The Lips NYC Premises is located at the first floor of 227 East 56th Street.

42. Upon information and belief, construction work was performed the space in which the Lips NYC Premises is located in the years prior to and after 2010.

43. Upon information and belief, construction work was performed to the exterior entrance of the space in which the Lips NYC Premises is located in the years prior to and after 2010.

44. Upon information and belief, the space in which the Lips NYC Premises is located was remodeled or reconstructed in the years prior to and after 2010.

45. Upon information and belief, the exterior entrance to the space in which the Lips NYC Premises is located was remodeled or reconstructed in the years prior to and after 2010.

46. Upon information and belief, the construction work performed to the space in which the Lips NYC Premise is located included changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions.

47. The spaces and elements of the Lips NYC Premises and the exterior entrance that were renovated, remodeled, or reconstructed after July 26, 1992, are "altered" within the meaning of the ADA. *See* 28 C.F.R. 36.402.

48. The Lips NYC Premises is "altered" within the meaning of the ADA. *See Id*.

49. To create the Lips NYC Premises, Defendants constructed the space pursuant to architectural drawings that detailed the work required to build the Lips NYC Premises to Defendants' specifications. *See* N.Y.C. Admin Code § 28-104.7.1.

8

50. Upon information and belief, the architectural drawings detailed the Lips NYC Premises' floor plan, layout, fixtures, flooring, entrances, bathrooms, dining rooms and demised spaces for waiting, among other architectural elements. *See Id*.

51. Upon information and belief, the architectural drawings also detailed the legal requirements that Defendants were obligated to comply with in their design and construction of the Lips NYC Premises. *See Id.*

52. Upon information and belief, the legal requirements detailed in the architectural drawings included design and construction standards that mandate the provision of physical access for persons with physical disabilities at the Lips NYC Premises. *See Id.*

53. Upon information and belief, the design and construction standards referenced in Defendants' architectural drawings included:

　i.the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 *et seq*. (the "1968 BC"), inclusive of ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"[2], and together with the 1968 BC, the "1968 NYC Standards");

　ii.the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. [3] and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std") and together with the 2008 BC, the "2008 NYC Standards");

　iii.the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2014 BC"), inclusive of and ICC A117.1-2009[4] (the "2014 Ref. Std., and together with the 2014 BC, the "2014 NYC Standards").

_____

[2]*See* N.Y.C. Admin Code §§ 27-292.2 and Reference Standard 4-6.
[3] As such provisions (N.Y.C. Admin. Code § 28-1101 and Appendix E) existed prior to the effective date (December 31, 2014) of the 2014 BC.
[4] *See* N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.

iv. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix D [5]; (hereinafter referred to as the "1991 ADA Standards"); and

v. the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards").

The 2014 NYC Standards, collectively with the 1968 NYC Standards and the 2008 NYC Standards, are referred to herein as the "NYC Standards". The ADA Standards together with the NYC Standards are collectively referred to herein as the "Accessibility Standards".

54. Upon information and belief, Defendants' lease agreement for the Lips NYC Premises provides that the space must comply with the Human Rights Laws and the Accessibility Standards.

55. Defendants therefore had specific notice and knowledge of their obligation to comply with the Accessibility Standards and the Human Rights Laws.

56. Upon information and belief, Defendants did not comply with the Human Rights Laws and the Accessibility Standards, *i.e.*, the legal requirements related to physical access to persons with disabilities, when they performed construction work to the Lips NYC Premises.

57. Defendants knowingly and with deliberate indifference failed to comply with the Accessibility Standards and the Human Rights Laws when they performed design and construction work to 227 East 56th Street and the Lips NYC Premises.

---

[5] Originally codified at 28 CFR part 36 Appendix A, then republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

58. Defendants continue their knowing refusal to comply with the Accessibility Standards - Defendants are aware of their obligation to provide an accessible place of public accommodation but fail to make the Lips NYC Premises accessible.

59. As a result of Defendants' failure to comply with the Accessibility Standards, the services, features, elements, and spaces of the Lips NYC Premises are not accessible to Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law 296(2)(a); and N.Y.C. Admin. Code §8-107(4).

60. Because Defendants failed to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to the areas of the Lips NYC Premises that are open and available to the public.

61. Within the past three years of filing this action, Plaintiff has desired and attempted to access the Lips NYC Premises.

62. Plaintiff desires to access the Lips NYC Premises but remains deterred from doing so due to the architectural barriers extant at the premises.

63. Architectural barriers which Plaintiff encountered and those that deter him from patronizing the Lips NYC Premises include, but are not limited to, the following:

I.   No accessible route from the public sidewalk to the exterior public entrance of the Lips NYC Premises due to steps at the exterior public entrance.
*Defendants fail to provide at least one accessible route within the site from public streets and sidewalks to an accessible building or facility entrance. See 1991 ADA Standards § 4.1.2(1); 2010 ADA Standards § 206.2.1; 1968 BC § 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.   No accessible public entrance to the Lips NYC Premises due to steps at the entrance.
*Defendants fail to provide that at least 50% of the public entrances are accessible. See 1991 ADA Standards § 4.1.3(8)(a)(i). (See also 1991 ADA Standards §§*

11

*4.1.3(8)(a)(iii) and 4.1.6 which require each place of public accommodation at a building to have an accessible entrance.*
*Defendants fail to provide that at least 60% of the public entrances are accessible. See 2010 ADA Standards § 206.4.1. (See also 2010 ADA Standards § 206.4.5 which requires a minimum of one accessible entrance to each tenant space.)*

*Defendants fail to provide that the primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.  (See also 2008 BC § 1105.1 and 2014 BC § 1105.1.6 require accessible entrances to those areas of a premises that must be accessible.)*

III.   No signage identifies an accessible entrance (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; See 2010 ADA Standards §§ 216.6, 703.7.2.1, and 703.5;*
*Defendants fail to provide informational signage at necessary locations. See 1968 BC § 27-292.18(b)*
*Defendants fail to provide signage identifying accessible entrances if not all entrances are accessible. See 2008 BC § 1110.1 (See also N.Y.C. Admin Code §§ 28-101.4.3(13) and 28-313.2.) and 2014 BC §1101.3.4*

IV. There is no directional signage at the inaccessible entrance that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA Standards §§ 4.1.6(1)(h) and 4.1.3(8)(d); 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b)*
*Defendants fails to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC §1110.2 (See also N.Y.C. Admin Code §§ 28-101.4.3(12) and 28-313.1.); See 2014 BC § 1101.3.3.*

V.   Inaccessible spaces and rooms at the Lips NYC Premises.
*Defendants fail to provide that the areas available to patrons are accessible and usable. See 1968 BC §§ 27-292.10 and 27-292.5.*
*Defendants fail to provide that the total floor area allotted for seating and tables is accessible. See 2008 BC § 1108.2.9 and 2014 BC § 1108.2.9.*

VI.   Interior routes that are not accessible.

*Defendants fail to provide an accessible interior route of 36 inches in width in all locations available to non-disabled customers. See 1991 ADA Standards § 4.3.3; and 2010 ADA Standards § 403.5.1.*

*Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 ADA Standards §§ 5.3 and 4.32.2; 2010 ADA Standards §§ 403, 206.2.5, and 902.2.*

VII.   Routes around furniture and fixtures that do not have the minimum required maneuvering clearances.
*Defendants fail to provide the minimum required maneuvering clearance width at the end of every obstruction or aisle from which to make a turn around the obstruction or aisle. See 1991 ADA Standards § 4.3.3; and 2010 ADA Standards § 403.5.2.*

*Defendants fail to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 ADA Standards §§ 4.32.2 and 5.3; 2010 ADA Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 902.4.1, 903.1 and 903.2.*

*Defendants fail to provide dining spaces for wheelchair users that does not overlap the general circulation path /or emergency egress routes. See 1991 ADA Standards §§ 5.1, 5.3, 4.32.2, and 4.2.4; 2010 ADA Standards § 802.1.5.*

VIII.   Inaccessible dining and drinking surfaces.
*Defendants fail to provide that at least one and not less than 5% of seating and standing spaces are accessible and dispersed throughout the premises. See 1991 ADA Standards §§ 4.1.3(18), 4.32, and 5.1; 1968 BC § 27-292.10(3).*

*Defendants fail to provide that at least one and not less than 5% of drinking and dining surfaces are accessible and dispersed throughout the premises. See 2010 ADA Standards §§ 226, and 902.1; 2008 BC 1108.2.9.1 and 1109.11; and 2014 BC §§ 1108.2.9.1, 1109.10.*

*Defendants fail to provide an accessible portion of its counter and bar with food service and no accessible tables exist in the same area. See 28 C.F.R. §36.302; 1991 ADA Standards §§ 4.1.3(18), 5.2, 5.1, 4.2.4, and 4.32; 2010 ADA Standards §§ 226.1, 902.2, 305, 306, and 902.3; 1968 BC § 27-292.10(3); 2008 BC §§ 1108.2.9.1 and 1109.11; 2014 BC §§ 1108.2.9.1 and 1109.10.*

64. Upon information and belief, a full inspection of the Lips NYC Premises will reveal the existence of other barriers to access.

65. To properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Lips NYC Premises so that he may catalogue other architectural barriers and have Defendants remediate the Lips NYC Premises so that it is accessible to him.

66. Plaintiff therefore gives notice that, to the extent not contained in this Complaint, he intends to amend his Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of the Lips NYC Premises.

67. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

68. Defendants continue to discriminate against Plaintiff and other mobility impaired customers by providing less and unequal access to its premises, services, offerings, and accommodations than what they provide to nondisabled customers.

69. Defendants continue to discriminate against Plaintiff and other mobility impaired customers by limiting and reducing the options available to such patrons as compared to the options available to nondisabled customers.

70. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures comply with the Human Rights Laws.

71. Defendants have not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to the Lips NYC Premises.

72. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws. This threat is particularly

evidenced by the fact that architectural barriers to access at the Lips NYC Premises

continue to exist and deny Plaintiff the opportunity to access the Lips NYC Premises.

73. Plaintiff is located near the Lips NYC Premises and frequents the area where

the Lips NYC Premises is located.

74. Plaintiff intends to patronize the Lips NYC Premises after it becomes fully

accessible to Plaintiff.

## ALLEGATIONS RELATED TO TESTER STATUS

75. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and

monitoring, ensuring, and determining whether the Lips NYC Premises is accessible.

76. Plaintiff intends to patronize the Lips NYC Premises as a "tester" to monitor,

ensure, and determine whether the Lips NYC Premises is accessible.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

77. Plaintiff realleges and incorporates by reference all allegations set forth in this

Complaint as if fully set forth herein.

78. Plaintiff is substantially limited in the life activity of both walking and body

motion range and thus has a disability within the meaning of the ADA.

79. As a direct and proximate result of Plaintiff's disability, Plaintiff requires a

wheelchair for mobility, and has restricted use of his arms and hands.

80. "Both the landlord who owns the building that houses a place of public

accommodation and the tenant who owns or operates the place of public accommodation

are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R.

36.201(b).

81. The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place of public accommodation, and the owner or operator of the place of public accommodation. 28 C.F.R. 36.201(b).

82. Therefore, pursuant to the ADA, each of the building owner, lessor, lessee, owner, and operator of the Lips NYC Premises, a place of public accommodation is liable to Plaintiff.

83. None of these Defendants can avoid liability under the ADA by transferring their obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

84. Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

85. Defendants' policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

86. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are neither desired or welcome as patrons of their public accommodation.

87. Defendants performed design and construction work to build out the Lips NYC Premises but failed to perform the work so that Lips NYC Premises, a place of public accommodation, complies with the 1991 ADA Standards or the 2010 ADA Standards.

88. Because the Lips NYC Premises does not comply with the ADA Standards it is not readily accessible to and usable by Plaintiff due to his mobility disability. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

89. Defendants discriminate against Plaintiff in violation of the ADA as they built a place of public accommodation that is not accessible to Plaintiff because of disability. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

90. Defendants fail to provide an integrated and equal setting for the disabled at the Lips NYC Premises in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

91. In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make the Lips NYC Premises compliant with the ADA Standards (accessible) to the maximum extent feasible when they performed design and construction work that constituted alterations to the Lips NYC Premises.

92. Defendants failed to provide "readily accessible and usable" paths of travel to the altered primary function areas in violation of 28 C.F.R. § 36.403.

93. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.

94. It has been and remains readily achievable for Defendants to make their place of public accommodation fully accessible.

95. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

96. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent the removal of any of the barriers to access was not readily achievable. 28 C.F.R. § 36.305.

97. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

98. Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation that is not compliant with the ADA Standards, and therefore not accessible.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

99. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

100.    Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.

101.    As a result of his impaired bodily functions, Plaintiff suffers from a disability within the meaning of the N.Y. Exec. Law § 292(21).

102.    The State HRL guarantees the right of all individuals to equal opportunity with respect to places of public accommodations, regardless of disability. N.Y. Exec. Law § 291 and § 290.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

103.    To protect the guaranteed right of persons with disabilities to equal opportunity, the State HRL provides that it is an unlawful discriminatory practice for owners, lessees, and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of their place of public accommodation to a person because of disability. N.Y. Exec. Law § 296(2)(a).

104.    Defendants engage in an unlawful discriminatory practice in violation of the State HRL as they directly or indirectly deny Plaintiff "equal opportunity" to enjoy the offerings of their place of public accommodation. N.Y. Exec. Law 296(2)(a).

105.    Defendants engage in an unlawful discriminatory practice prohibited by the State HRL as they created and maintain a place of public accommodation, the Lips NYC Premises, that is not accessible to Plaintiff due to disability. N.Y. Exec. Law § 296(2)(a).

106.    Defendants continue to discriminate against Plaintiff in violation of the State HRL by maintaining and/or creating an inaccessible place of public accommodation. N.Y. Exec. Law § 296(2).

107.    Defendants have subjected Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation because Plaintiff is disabled.

108.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use the Lips NYC Premises because Plaintiff is disabled.

**Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.**

19

109.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(iii).

110.    It remains readily achievable for Defendants to remove the barriers to access.

111.    Defendants cannot demonstrate that the removal of the barriers to access is not readily achievable. N.Y. Exec. Law § 296(2)(c)(iii) and (v).

112.    Alternatively, should Defendants demonstrate that the removal of any barriers to access is not readily achievable, Defendants discriminate in violation of the State HRL as they fail to provide persons with disabilities, including Plaintiff, equal opportunity to enjoy the privileges, advantages, and accommodations they offer at their place of public accommodation through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

113.    It would be readily achievable to make Defendants' place of public accommodation accessible through alternative methods.

114.    Defendants have failed to make reasonable modifications to their policies, practices, and procedures necessary to provide Plaintiff with access to their place of public accommodation, and the privileges, advantages, or accommodations they offer therein in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(i).

115.    Defendants cannot demonstrate that modifying their policies, practices and procedures would fundamentally alter the nature of their facility of the privileges, advantages, or accommodations they offer.

20

116.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(v).

117.    It is and would have been readily achievable for Defendants to make their place of public accommodation fully accessible for persons with disabilities.

118.    It does not and would not have imposed an undue hardship or undue burden on Defendants to have made their place of public accommodation fully accessible for persons with disabilities.

**Section 296(6) Violations: Aid and Abet Discrimination.**

119.    Under the State HRL it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so". N.Y. Exec. Law § 296(6).

120.    Each of the Defendants have aided, abetted, incited, compelled, or coerced others to engage in unlawful discriminatory practices.

**Section 300: The State HRL's Liberal Construction Requirement.**

121.    In 2019, the New York State legislature amended the Executive Law to provide increased protections for classes protected by the State HRL. N.Y. Exec. Law § 300, as amended by Chapter 160 of the Laws of 2019, § 6.

122.    The 2019 amendment added language at the start of the State HRL's Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed.

*Id*.

21

123.    With the 2019 amendment, the State HRL is no longer coextensive with federal anti-discrimination law.

124.    Defendants' conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination laws, including the ADA.

125.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id.*

126.    Defendants must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendants to provide accessibility.

127.    As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

128.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

129.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

130.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

131.    Due to his impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

132.     The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity to places of public accommodations – in the words of the City HRL, the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place of public accommodation. N.Y.C. Admin. Code § 8-107(4).

133.     Defendants engage in an unlawful discriminatory practice prohibited by the City HRL as they as they created and maintain a place of public accommodation, the Lips NYC Premises, that is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

134.     Because Defendants created and maintain a place of public accommodation that is not accessible to Plaintiff due to disability, Defendants directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of the Lips NYC Premises due to his disability.

135.     Defendants' policies and procedures inclusive of their policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

136.     Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); see also N.Y.C. Admin. Code § 19-152 and § 7-210.

137.    Defendants' failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

138.    Defendants discriminate against Plaintiff as they subject him to disparate impact in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

139.    Defendants subject Plaintiff to disparate impact as they directly and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of their place of public accommodation because of his disability.

140.    Defendants' policies or practices, "whether neutral on their face and [or] neutral in intent" result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001); See N.Y.C Admin. Code § 8-107(17).

141.    Defendants' failure to comply with the NYC Building Code as well as their failure to expend monies to upgrade and alter the Lips NYC Premises to remove obsolete features such as stepped entrances, are policies and practices that have a significantly adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

142.    Because the result of Defendants' policy and practices is a place of public accommodation that is not accessible to people with disabilities, Plaintiff has demonstrated that Defendants' policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

24

143.    Defendants also discriminate against Plaintiff in violation of the City HRL as they have not made reasonable accommodations for the needs of persons with disabilities (including by failing to remove the architectural barriers to access detailed in Paragraph 63 herein) so that individuals with disabilities, including Plaintiff, have equal opportunity to enjoy what Defendants offer at the Lips NYC Premises, Defendants' place of public accommodation. N.Y.C. Admin. Code § 8-107(15)(a).

144.    Defendants have known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

145.    Defendants have known, or should have known, reasonable accommodations (including by failing to remove the architectural barriers to access detailed in Paragraph 63 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy what Defendants offer at the Lips NYC Premises.

146.    It would not cause undue hardship in the conduct of the Defendants' business to remove the architectural barriers to access detailed in Paragraph 63 herein as a reasonable accommodation for persons with disabilities.

147.    Defendant cannot demonstrate that it would cause undue hardship to the conduct of their respective businesses to remove the architectural barriers to access detailed in Paragraph 63 herein as a reasonable accommodation for persons with disabilities.

148.    Defendants' failure to provide reasonable accommodations for persons with disability, inclusive of Defendants' failure to remove the barriers to access identified in Paragraph 63, and consequent denial of equal opportunity to Plaintiff constitutes an

ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

149.    To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL's Construction provision, N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

150.    The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws "regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed". N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

151.    The 2005 and 2016 amendments instead provide that the City HRL's protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must "be interpreted liberally and independently of similar federal and state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as one of the most expansive and comprehensive human rights laws in the nation". Rep of Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's already explicit language which provided that the obligations imposed on entities subject

to the City HRL by "similarly worded provisions of federal and state civil rights laws [are] as a floor below which the City's Human Rights law cannot fall.").

152.    The 2016 Amendments to the City Human Rights Law additionally direct that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)] shall be construed narrowly in order to maximize deterrence of discriminatory conduct". N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

153.    Due to the above-referenced amendments, the New York City Human Rights Law provides significantly greater protections to its protected classes "in all circumstances" than what the ADA and State HRL provide to persons in the same protected classes.

154.    Defendants' conduct is therefore subject to a markedly stricter standard under the City HRL than under Federal and state anti-discrimination law

155.    Defendants' liability under the City HRL for their conduct alleged herein must be determined separately and independently from their liability under the ADA or State HRL, to the extent that Defendants escape liability under the ADA or State HRL. N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

156.    Conversely to the extent that Defendants' conduct alleged herein violates the ADA or State HRL, Defendants automatically violate the City HRL.

157.    Therefore, Defendants' violations of the ADA, the ADA Standards, and the State HRL alleged herein constitute discrimination under the City HRL.

158.    Defendants continue to discriminate based on disability in violation of the City HRL (N.Y.C. Admin. Code § 8-107(4)) due to their ongoing violations of the ADA, the ADA Standards, and the State HRL alleged herein.

159.    The City HRL's stricter standards also apply in situations where the ADA and the State HRL have provisions that are comparably worded to the City HRL's provisions. N.Y.C. Admin. Code § 8-130.

160.    Defendants must therefore provide an accessible place of public accommodation, regardless of their obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

161.    In violation of the City HRL, Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability. N.Y.C. Admin. Code § 8-107(6).

162.    Each of the Defendants have aided and abetted others in committing disability discrimination.

163.    Defendants' conduct constitutes an ongoing and continuous violation of the City HRL.

164.    Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

165.    In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

166.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

167.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

168.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

169.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to City HRL N.Y.C. Admin. Code § 8-502.

170.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by diverting monies Defendants should have expended to provide an accessible space to themselves.

171.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.

172.     The amounts Defendants diverted to themselves, and the unlawful revenues they gained, plus interest must be disgorged.

173.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

174.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

175.     Defendants discriminated against Plaintiff in violation of the State HRL. N.Y. Exec. Law § 290 *et seq.*

176.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation.

177.     Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

### INJUNCTIVE RELIEF

178.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief Ordering Defendants to alter and modify their place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

179.     Injunctive relief is necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

180.     Injunctive relief is also necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendants to close and cease all business until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the State HRL and the City HRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the City HRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to N.Y. CRL §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 1, 2022
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com